# Third District Court of Appeal

## State of Florida

Opinion filed July 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1953
Lower Tribunal No. 18-9216-FC-04
_____

**Misty Bernat,**
Appellant,

vs.

**Luis A. Mendez**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Diana Vizcaino, Judge.

Medina Law Firm LLC, and Jose Manuel Medina, for appellant.

PraDa Law, and Jennifer Christine Pratt, for appellee.

Before LOGUE, LINDSEY and GOODEN, JJ.

PER CURIAM.

Affirmed.

LOGUE and GOODEN, JJ., concur.

LINDSEY, J., concurs specially:

I concur in affirming the lower court's decision and write to explain my reasons for doing so.

Appellant, Misty Bernat, appeals the trial court's final order denying her petition for modification of time-sharing and child support against Appellee, Luis A. Mendez.[1]  The trial court's final order, titled "Order Denying Former Wife's Motion to Vacate the General Magistrate's Recommended Order and Ratifying Same," came after hearings on Bernat's petition before a general magistrate and hearings before the trial court on Bernat's Motion to Vacate the General Magistrate's recommendation denying Bernat's petition— neither of which Bernat provided a transcript.  Bernat argues that the trial court erred in adopting the General Magistrate's recommendation and in

---

[1] We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A); see also Gonzalez v. Calles, 402 So. 3d 402, 403 (Fla. 3d DCA 2024) (citation modified) (affirming on the merits an appeal where "Alfredo Gonzalez appeals a final judgment granting the supplemental petition of Caridad Calles for modification of child support, as well as denying the Father's counter-petition for modification of timesharing."); Roshkind v. Roshkind, 717 So. 2d 544, 544 (Fla. 4th DCA 1997) ("Although the above decisions would support an argument that petitions for modification are not independent actions, the orders entered in modification proceedings have all of the aspects of final judgments. We therefore conclude that they are final judgments, subject to motions for rehearing under Florida Rule of Civil Procedure 1.530(a), and appealable as plenary appeals.").

2

denying Bernat's petition because the trial court order misinterprets and misapplies section 61.30(11)(c), Florida Statutes (2025).

Bernat has failed to provide this Court with an adequate record. Indeed, Bernat provides no evidence or transcripts for any relevant hearing which informed the trial court's final decision to deny Bernat's petition. Thus, I am unable to assess whether the trial court committed reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Although Bernat attempts to argue that the trial court's order is erroneous on its face, such arguments are based off loose readings of the final order's clear language and require some consideration of the factual record below. In sum, Bernat fails to meet her burden of showing the trial court committed reversible error. Id. ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.").

For example, Bernat argues that the trial court's order is incorrect on its face because the trial court misinterpreted section 61.30(11)(c), Florida Statutes, to require that Mendez fully abandon his child for the trial court to find a substantial change in circumstances to grant Bernat's petition. But that argument ignores that the trial court denied Bernat's petition because Mendez "regularly exercised substantial time-sharing . . . well above the 'substantial amount of time' threshold of 20% overnights a year" and not because Mendez did not fully abandon the child.

Indeed, contrary to Bernat's argument that the trial court misinterpreted the relevant statute, the trial court properly interpreted section 61.30's, Florida Statutes, statutory language and scheme. Compare § 61.30(11)(a)10, Fla. Stat. (2025), with § 61.30(11)(c), Fla. Stat. (stating together that a parent who fails to "regularly exercise the time-sharing," thus requiring courts to find a "substantial change in circumstances" justifying granting a petition for modification, is a parent who spends less than 20 percent of their time-sharing with the child).

In sum, no error exists on the face of the order or in the record before us.